United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41725
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELINDA LANDEROS HILL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-231-2
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Melinda Landeros Hill appeals her sentence, which was imposed following a guilty-plea to misprision of a felony, namely, possession with intent to distribute 50 grams or more of methamphetamine, in violation of 18 U.S.C. § 4. Hill argues that the district court erred by increasing her offense level by two for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) as a result of the possession of a knife by co-defendant James Eric Tillman. We review for clear error the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the two-level increase under U.S.S.G. § 2D1.1(b)(1). See United States v. Chavez, 119 F.3d 342, 348 (5th Cir. 1997).

The knife in question was found in the driver's door compartment, along with more than 15 grams of methamphetamine, after Hill and Tillman were stopped for a traffic violation. Tillman was driving the car, which was registered to Hill's estranged husband. Approximately two months earlier, Hill and Tillman had been arrested after police found more than 50 grams of methamphetamine in Hill's apartment, which she was sharing with Tillman. Hill argues that she had no knowledge that Tillman possessed the knife, that she had never seen him with a knife before, and that no weapons had been found in her apartment.

A defendant need not have actual knowledge of a co-defendant's possession of a weapon, and sentencing courts may hold a defendant accountable under U.S.S.G. § 2D1.1(b)(1) if the co-defendant's possession of the weapon was reasonably foreseeable during the commission of a narcotics offense. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990). The district court did not clearly err in finding that Tillman's possession of the knife was reasonably foreseeable, since weapons are "tools of the trade" of drug trafficking. Id.

AFFIRMED.